NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA KHACHATRYAN; et al., | No. 20-73291 |
| Petitioners, | Agency Nos. A095-758-536 |
| v. | A095-758-537 |
| | A095-758-538 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022**
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,*** District Judge.

Anna Khachatryan and her children, as derivative beneficiaries, petition for

review of a decision of the Board of Immigration Appeals ("BIA") affirming the

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

order of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1.    Substantial evidence supported the BIA's conclusion that the IJ did not clearly err in making an adverse credibility determination. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The IJ correctly observed that Khachatryan's testimony in the removal hearing that she "never intended to use a false visa" directly contradicted her colloquy in connection with her guilty plea to possession of a false identification document used to enter this country, and that Khachatryan therefore made a deliberate choice in one of the proceedings not to be truthful under oath. Except in circumstances not relevant here, deliberate deception "always counts as substantial evidence supporting an adverse credibility finding." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011); *see also Rojas Alvarado v. Barr*, 830 F. App'x 246, 247 (9th Cir. 2020).

2.    In the absence of her rejected testimony, Khachatryan did not satisfy her burden to show a reasonable possibility of persecution or a likelihood of torture if removed to Armenia. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION DENIED.**